UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re LANTUS DIRECT PURCHASER ANTITRUST LITIGATION | CIVIL ACTION NO. 16-12652-LTS |

# SCHEDULING ORDER AND ORDER ON MOTIONS TO COMPEL AND FOR LEAVE TO TAKE NONPARTY DEPOSITIONS

This matter is before the court on (1) the plaintiffs' "Emergency Motion to Compel Sanofi to Produce Updated Transactional Data" (Docket No. 353), (2) the "Defendants' Motion for Expedited Leave to Take Three Nonparty Depositions After March 4, 2022" (Docket No. 359), and (3) the parties' "Joint Submission Regarding Case Schedule" (Docket No. 369). After consideration of the parties' written submissions and their oral arguments, it is hereby ORDERED as follows:

### Motions to Compel and for Leave to Take Depositions

1. For the reasons stated in open court, the plaintiffs' motion to compel the production of updated transactional data is DENIED. As agreed by the parties and endorsed by the court in its July 14, 2021 Scheduling Order, Sanofi was obligated to produce transaction data reflecting sales of Lantus and Lantus SoloSTAR between February 1, 2014 and December 31, 2020, but had no obligation to produce data for 2021. Under such circumstances, Sanofi had no duty to supplement its production to include post-2020 information. See, e.g., Hnot v. Willis Group Holdings Ltd., No. 01 Civ. 6558 (GEL), 2006 WL 2381869, at *5 (S.D.N.Y. Aug. 17, 2006) (ruling that defendants had no obligation to supplement responses to discovery requests

by producing post-2001 information where only request to which defendants had a duty to respond sought information through December 31, 2001). Nevertheless, the plaintiffs may seek additional information as follows:

    a. The plaintiffs may propound an interrogatory upon Sanofi requesting the identity of any direct purchasers who purchased Lantus or Lantus SoloSTAR for the first time in 2021.

    b. Sanofi shall respond to the plaintiffs' interrogatory by **March 29, 2022**.

2. Sanofi's motion for leave to take nonparty depositions is ALLOWED. As agreed, Sanofi's request to take Lilly's deposition has been withdrawn. Sanofi shall complete the depositions of Merck and Mylan by **April 15, 2022**.

### Scheduling Order

3. The parties shall comply with the following deadlines set forth in their "[Proposed] Amended Scheduling Order" (Docket No. 369-1):

    a. The plaintiffs shall file any motion for class certification and serve supporting class certification expert reports by the later of (i) four weeks after the court rules on the parties' pending summary judgment motions (regarding SEE and ownership or control exception); or (ii) four weeks after the completion of the Merck and Mylan depositions.

    b. The <u>new</u> deadlines for all class certification events described in the September 24, 2021 Scheduling Order (Docket No. 282), which follow the deadline for plaintiffs to move for class certification and serve supporting class certification expert reports, shall be amended to follow the new deadline described in paragraph 3(a) herein, while maintaining the same intervals between those events as in the September 24, 2021 Scheduling Order.

    c. The deadline for the party with the burden of proof to serve merits expert reports shall be the later of (i) one week after the new deadline for plaintiffs to move for class certification and serve supporting expert reports; or (ii) four weeks after the Schwarzhaupt, Geppert and Sieber depositions.

d.  The <u>new</u> deadlines for all other events set forth in the September 24, 2021 Scheduling Order shall be amended to follow the new deadline for opening merits expert reports described in paragraph 3(c) herein, while maintaining the same intervals between those events as in the September 24, 2021 Scheduling Order.

Dated: March 16, 2022

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge